IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAN CHILCOTT, | ) | |
|     Petitioner, | ) | Civil Action No. 12-4 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| CITY OF ERIE, et al., | ) | |
|     Respondents. | ) | |

## OPINION AND ORDER[1]

Presently before the Court is a petition for a writ of habeas corpus filed by Shan Chilcott. [ECF No. 7]. For the reasons set forth below, the petition will be summarily dismissed and a certificate of appealability will be denied. Additionally, Petitioner's motions for a preliminary injunction [ECF Nos. 11 and 12] are denied.

### I.

**A.     Relevant Background**

On January 31, 2012, Petitioner commenced the present action by filing a petition for a writ of habeas corpus. [ECF No. 7]. According to him, he was at the time being detained at the Erie County Prison pursuant to a civil contempt order. He named as Respondents the City of Erie, the Erie Police Department, Judge Brabender of the Court of Common Pleas of Erie County, the "Court House," and Gaudenzia, which is a facility that provides, *inter alia*, care for substance abuse and mental health services.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), Petitioner has voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

Petitioner claims that in July of 2010, the Erie Police Department unlawfully detained him outside his home and took his firearms without a warrant. [ECF No. 7 at 1]. He also claims that in December of 2011 he was detained in the Erie County Prison for failure to pay $1,500 in child support. He contends that "$1,500 is not a reasonable amount for me to come up with." [ECF No. 7 at 1]. Petitioner also makes allegations against Gaudenzia. He claims that he learned of purported misconduct that has occurred there when he "visited a friend there[,] Sharon Fitzpatrick." [ECF No. 7 at 2].

As relief, Petitioner seeks an order from this Court directing that: (1) his guns/rifles/shotguns be returned to him; (2) he be released from his confinement or, in the alternative, that the $1,500 payment requirement be reduced; and, (3) "Sharon Fitzpatrick get her mail and visits" from him and that the discrimination against her stop. He also seeks "punitive damages" from the city for alleged harassment. [ECF No. 7 at 2].

Also pending before the Court are two motions for a preliminary injunction that Petitioner recently filed. [ECF Nos. 11, 12]. In those motions, he requests that this Court intervene in a Protection From Abuse ("PFA") proceeding that Sharon Fitzpatrick recently initiated against him in the Court of Common Pleas of Erie County.

Petitioner's recent filings establish that he has been released from the Erie County Prison. [ECF Nos. 9-14].

**B.     Discussion**

Respondents have not yet filed an Answer. However, because it plainly appears that Petitioner is not entitled to relief in habeas, the petition will be summarily dismissed and a certificate of appealability will be denied.

To extent that Petitioner was seeking relief from his confinement in the Erie County Prison, that claim is moot because he has been released. It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. See Spencer v. Kemna, 523 U.S. 1, 7 (1998); Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a 'personal stake in the outcome' of the lawsuit." Id., quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). Thus, if developments occur during the course of adjudication that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Burkey, 556 F.3d at 147, citing Spencer, 523 U.S. at 7.[2]

The purpose of a federal petition for a writ of habeas corpus is to challenge the legal authority under which a prisoner is being held in custody. 28 U.S.C. § 2254, § 2241. Because Petitioner has been released from the Erie County Prison, he has obtained the only relief that this Court could have provided to him in habeas. He therefore no longer has the requisite "personal stake" in the outcome of the litigation. Id.; Spencer, 523 U.S. at 7. Accordingly, there is no case or controversy for this Court to consider, and for that reason any claims Petitioner makes challenging the legality of his detention are moot.

---

[2]   When the injury that a complaining party seeks to remedy through litigation is no longer existent, there still may be a case or controversy before the court if there is: (1) a collateral injury; (2) that is "likely" to be redressed by the court's decision. See, e.g., Spencer, 523 U.S. at 7-8, quoting Lewis, 464 U.S. at 477; Burkey, 556 F.3d at 147-51. Courts often will presume that *a wrongful conviction* has collateral consequences that likely can be remedied by a favorable decision from a habeas court. Id. However, in cases such as the instant case, where a petitioner is not challenging the lawfulness of a state felony conviction, the petitioner has the burden of demonstrating that he has sustained a collateral injury that can be effectively remedied by the court in order to avoid having his case dismissed on mootness grounds. Id.; Burkey, 556 F.3d at 148 ("Where…the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven.").

None of the other claims raised in the petition are cognizable in habeas and they will be dismissed for that reason.  As noted above, the purpose of a petition for a writ of habeas corpus is to challenge the legal authority under which a prisoner is being held in custody, and neither of the federal habeas statutes (28 U.S.C. § 2254 and § 2241) give this Court the authority to direct that Petitioner's guns/rifles/shotguns be returned to him, or that the amount he owes in child support be reduced.  Nor do they give Petitioner the ability to seek any type of relief on Sharon Fitzpatrick's behalf.  Additionally, because money damages are not available in a habeas corpus action, Petitioner's request for punitive damages must be denied as well.  See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) (explaining that "if a state prisoner is seeking damages, he is attacking something other than immediate or more speedy release – the traditional purpose of habeas corpus.  In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); Marine v. Quintana, 347 F.App'x 736 (3d Cir. 2009) (affirming that money damages are not available in a habeas action).

As for Petitioner's motions for preliminary injunction, those are denied.  In determining whether to grant a preliminary injunction, the Court must consider whether the party seeking the injunction has satisfied four factors:  "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the nonmoving party; and 4) the public interest favors such relief."  Bimbo Bakeries USA, Inc. v. Botticella, 613 F.3d 102, 109 (3d Cir. 2010), quoting Miller v. Mitchell, 598 F.3d 139, 147 (3d Cir. 2010).  A preliminary injunction is "an extraordinary remedy," and the party seeking it must show, at a minimum, a likelihood of success on the merits and that they likely face irreparable harm in the absence of the injunction.  Adams v. Case Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000).  As these elements suggest, "there must be 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" See Ball v. Famiglio, 396 F.App'x 836, 837 (3d Cir. 2010), quoting Little v. Jones, 607 F.3d 1245, 1251

(10th Cir. 2010). Here, there is no relationship between the injury claimed in Petitioner's motions for injunctive relief and the conduct complained of in the petition. Moreover, as set forth above, Petitioner cannot show a likelihood of success on the merits on the claims he raises in the petition. Nor can he show a likelihood of success on the claims he raises in the motions, because the challenges he raises concerning the PFA proceedings are not cognizable in habeas.

Finally, the claims that Petitioner raises in the motions for injunctive relief, and the request he made in the petition for this Court to reduce his child support payments, implicate ongoing state legal proceedings over which this Court must abstain from exercising jurisdiction under Younger v. Harris, 401 U.S. 37 (1971).

## C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Applying those standards here, jurists of reason would

not find it debatable whether the petition should be dismissed. Accordingly, a certificate of appealability will be denied.

## II.

For the reasons set forth above, Petitioner's motions for a preliminary injunction are denied, his petition for a writ of habeas corpus is dismissed, and a certificate of appealability is denied. An appropriate Order follows.

|  |  |
|---|---|
| Dated: April 19, 2012 | /s/ Susan Paradise Baxter<br>SUSAN PARADISE BAXTER<br>United States Magistrate Judge |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAN CHILCOTT, | ) | |
|     Petitioner, | ) | Civil Action No. 12-4 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| CITY OF ERIE, <u>et al.</u>, | ) | |
|     Respondents. | ) | |

## ORDER

AND NOW, this 19th day of April, 2012;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DISMISSED and a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the motions for a preliminary injunction [ECF Nos. 11, 12] are DENIED.

The Clerk of Courts is directed to close this case.

                                            <u>/s/ Susan Paradise Baxter</u>
                                            SUSAN PARADISE BAXTER
                                            United States Magistrate Judge